**UNITED STATES of America, Plaintiff–Appellee,**

v.

**Joseph Anthony NORRIS, Jr., aka Joseph A. Norris, Defendant–Appellant.**

No. 06–10480.

United States Court of Appeals, Ninth Circuit.

Submitted June 13, 2007.*

Filed June 15, 2007.

* This panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

David P. Petermann, Esq., Office of the U.S. Attorney, Evo A. Deconcini, U.S. Courthouse, Tucson, AZ, for Plaintiff–Appellee.

John D. Kaufmann, Esq., Tucson, AZ, for Defendant–Appellant.

Before: GOODWIN, BYBEE, and M. SMITH, Circuit Judges.

## MEMORANDUM **

Joseph Norris ("Appellant") appeals his conviction under 18 U.S.C. §§ 922(k) and 924(a)(1)(B) for possessing a firearm with an altered or obliterated serial number, arguing that the district court erred in denying his motion to suppress the seized firearm. The facts and procedural history are known to the parties and repeated here only as necessary. We review a district court's denial of a motion to suppress de novo. *United States v. Enslin,* 327 F.3d 788, 792 (9th Cir.2003). We review the underlying factual findings for clear error. *United States v. Amano,* 229 F.3d 801, 803 (9th Cir.2000).

Appellant argues that the Tohono O'Odham police officers exceeded their constitutional authority when they frisked and briefly detained him. Under *Terry v. Ohio,* 392 U.S. 1, 88 S.Ct. 1868, 20 L.Ed.2d 889 (1968), police officers may stop a person and briefly conduct an investigation if they have reasonable suspicion the person may be involved in criminal activity. *See Hiibel v. Sixth Judicial Dist. Court,* 542 U.S. 177, 185, 124 S.Ct. 2451, 159 L.Ed.2d 292 (2004). Whether there was a reason-

---

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

able suspicion for the stop must be evaluated by looking at the totality of the circumstances. *See United States v. Alvarez,* 899 F.2d 833, 836 (9th Cir.1990). Under the circumstances here, the officers had reasonable suspicion to believe that criminal activity was afoot and, out of concern for their safety, did not err in frisking Appellant. *See United States v. Terry-Crespo,* 356 F.3d 1170, 1173 (9th Cir.2004). Additionally, under the "plain feel" exception, officers did not err in seizing a bullet they found in Appellant's pocket. *See Minnesota v. Dickerson,* 508 U.S. 366, 375–76, 113 S.Ct. 2130, 124 L.Ed.2d 334 (1993).

Second, Appellant argues that the officers lacked probable cause to seize the gun they found during the search of his house. Because Appellant gave the Officers permission to search his house for guns, the Officers were entitled to seize the gun they found underneath Appellant's mattress if they had probable cause to believe that it was illegal or otherwise evidence of a crime. *See Groh v. Ramirez,* 540 U.S. 551, 564, 124 S.Ct. 1284, 157 L.Ed.2d 1068 (2004); *Florida v. Jimeno,* 500 U.S. 248, 251–52, 111 S.Ct. 1801, 114 L.Ed.2d 297 (1991); *see also Maryland v. Pringle,* 540 U.S. 366, 370–71, 124 S.Ct. 795, 157 L.Ed.2d 769 (2003); *Texas v. Brown,* 460 U.S. 730, 737–42, 103 S.Ct. 1535, 75 L.Ed.2d 502 (1983) (plurality opinion); *Porter v. United States,* 335 F.2d 602, 607 (9th Cir.1964). The district court did not err in denying Appellant's motion to suppress.

**AFFIRMED.**